IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Keith Maurice Brockington, | ) | Civil Action No.: 4:13-cv-02874-RBH |
| | ) | Criminal No.: 4:08-cr-00178-RBH-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Keith Maurice Brockington's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Amend is denied, and Petitioner's Motion to Vacate is dismissed.[1]

**Procedural History and Factual Background**

On October 3, 2008, pursuant to a valid and signed plea agreement, Petitioner entered a guilty plea to a single-count indictment charging Petitioner with being a felon in possession of a firearm. At a sentencing hearing held on January 23, 2009, the Court sentenced Petitioner – an armed career criminal – to one hundred thirty months imprisonment.[2] This judgment was docketed on January 29, 2009, and Petitioner did not file an appeal.

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 F. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

[2] This Court accepted a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(c) to 180 months and then granted a departure motion under Rule 5K.1.

On October 21, 2013, Petitioner filed the instant Motion to Vacate, alleging that he was sentenced to a mandatory minimum sentence in violation of the Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Because it plainly appears that the Motion to Vacate is untimely, this Court did not require a response from the Government and this matter is ripe for review.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, if a defendant unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review,

the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *See Clay,* 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

In deciding a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

**Discussion**

Petitioner's Motion to Vacate is dismissed as untimely.

As this Court stated above, Petitioner's convictions and sentence were imposed by a judgment filed on January 29, 2009. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, he had ten days from that date within which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(I) (amended Dec. 1, 2009).[3] However, Petitioner did not pursue a direct appeal. Because Petitioner did not seek appellate review, his judgment of conviction became final for the purpose of starting the one-year limitations period in February 2009. *See* Fed. R. App. P. 26(a)(2) (amended Dec. 1, 2009). Petitioner then had one year in which to file his Motion to Vacate. *See* 28 U.S.C. § 2255(f)(1). However, Petitioner's Motion to Vacate was not filed until October 21, 2013, more

---

[3] The rule, as amended on December 1, 2009, now provides "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within *14* days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(I) (West 2010) (emphasis added).

3

than four years *after* the statute of limitations had run. As such, the Motion to Vacate is untimely on its face.

Petitioner does not argue that any impediment to his Motion to Vacate was removed within a year prior to its filing, or that through due diligence he recently discovered facts supporting his claim. *See* 28 U.S.C. § 2255(f).[4] Petitioner does claim that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), is a new case that entitles him to relief. [*See* Mot. to Vacate, Doc. # 107, at 4–5, 12.]

In *Alleyne*, the defendant was charged with robbery and using or carrying a firearm. *Alleyne*, 133 S.Ct. at 2155. The jury found that the defendant in *Alleyne* had used or carried a firearm but did not indicate whether he "brandished" a gun. *Id*. at 2155–56. If the defendant had "brandished" a gun, his mandatary minimum sentence would have increased from five years to seven years. *Id*. The trial court sentenced the defendant to seven years after finding by a preponderance of the evidence at the sentencing hearing that the defendant "brandished" a gun. *Id*. A previous Supreme Court case, *Harris v. United States*, 536 U.S. 545 (2002), permitted district courts to make factual findings by a preponderance of the evidence that increase mandatory minimums without violating a defendant's Sixth Amendment rights. The majority in *Alleyne* overruled *Harris* and held that the issue of whether the defendant brandished a gun should have been submitted to the jury. *Id*. at 2163. The Court held that facts which increase a mandatory minimum are elements of the offense and thus must be proven beyond a reasonable doubt. *Id*. Here, Petitioner's argument that *Alleyne* entitles him to relief is without merit for a number of reasons.

---

[4] The Fourth Circuit has held that, under certain circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott,* 221 F.3d 686, 687–88 (4th Cir. 2000). Petitioner does not argue that equitable tolling should apply to this case. This Court further notes that such tolling would be inappropriate under the situation at bar. *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (holding that "rarely will circumstances warrant equitable tolling").

4

First, in order for *Alleyne* to entitle Petitioner to relief, the Supreme Court must make the supposed right "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, the Supreme Court has not declared that the new rule in *Alleyne* retroactive on collateral review. *See, e.g.*, *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) (holding that the constitutional rule announced in *Alleyne* was not made retroactively applicable on collateral review, and *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), which itself is not retroactive); *In re Payne*, No. 13–5103, 2013 WL 5200425 at *1–2 (10th Cir. Sept. 17, 2013) (holding that *Alleyne* is not retroactive); *United States v. Little*, No. 6:11–169, 2013 WL 5719080, at *2 (D.S.C. Oct. 21, 2013) (noting that "*Alleyne* has not been held to be retroactive to cases on collateral review").

Second, even if this Court were to assume that *Alleyne* is retroactive on collateral review, Petitioner fails to identify in what way his conviction ran afoul of *Alleyne*. In fact, the holding in *Alleyne* is simply inapplicable to Petitioner's case.

One, Petitioner's knowing plea negates his *Alleyne* claim. Petitioner executed a valid plea agreement wherein he admitted to being a felon in possession of a firearm. [Plea Agreement, Doc. # 56.] Thus, to the extent Petitioner argues that his prior felony conviction was a fact that should have been determined beyond a reasonable doubt, this argument is simply unavailing. *See also United States v. Johnson*, No. 12–2138, 2013 WL 5509152 (6th Cir. Oct. 7, 2013) ("We have recognized that *Alleyne's* extension of *Apprendi* to facts that increase a minimum statutory sentence left undisturbed our decisions holding that a defendant's knowing admission of the facts necessary for an enhanced sentence is fatal to his . . .claim."); *United States v. Yancy*, No. 12–6204, 2013 WL 3985011, at *4 (6th Cir. Aug. 6, 2013) (explaining that *Alleyne* did not change rule that, when government seeks statutory sentencing enhancement, defendant's guilty plea and admissions during plea colloquy relieve government of burden of proving facts to jury beyond a reasonable doubt);

5

*United States v. Vasquez*, No. 7:09CR00015–002, 2013 WL 5435825, at *2 (W.D. Va. Sept. 27, 2013) (examining *Alleyne* and explaining that any fact which subjects the defendant to a higher mandatory minimum sentence "must either b[e] *admitted by the defendant* or found by the jury beyond a reasonable doubt").

Two, it is similarly unavailing for Petitioner to argue that *Alleyne* stands for the proposition that the predicate offenses giving rise to his armed career criminal must be established beyond a reasonable doubt. As a district court in the Fourth Circuit has recently explained, "[defendant's] claim, however, is not made cognizable under *Alleyne* because his mandatory minimum was based on his status as an armed career criminal under 18 U.S.C. § 924(e) as a result of prior convictions . . . . As noted above, the rule set out in *Apprendi*, and extended in *Alleyne*, does not apply to prior convictions." *United States v. Richardson*, No. 3:13–CV–21, 2013 WL 3991474 (E.D. Va. Aug. 2, 2013); *see also United States v. Booker*, 543 U.S. 220, 244 (2005) (emphasis added) (explaining, when discussing the rule of *Apprendi* which was extended by *Alleyne*, that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); *United States v. Wynn*, No. 12–6319, 2013 WL 3941316, at *1 (6th Cir. July 31, 2013) (holding that the Supreme Court's decision in *Alleyne* did not undermine the rule set forth I *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), that the fact of a prior conviction does not need to be set forth in the indictment and proven beyond a reasonable doubt).

Three, Petitioner here was not even sentenced to the mandatory minimum applicable to armed career criminals. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). For reasons stated by the Court, the Court imposed a sentence below a mandatory minimum term. [*See* Statement of Reasons, Doc. # 69 (imposing a sentence of 130 months while the statutory minimum was fifteen years).] The record in this case therefore conclusively shows that Petitioner's Motion to Vacate is untimely.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**Conclusion**

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is timer-barred, without merit, and that no evidentiary hearing is needed. Based on the foregoing, it is **ORDERED** that Petitioner's Motion to Vacate [Doc. # 107] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
October 31, 2013